UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06cv0633 (RBW) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**UNITED STATES' OPPOSITION TO MOTION TO CONSOLIDATE**

Federal Defendant, the United States of America, respectfully opposes the motion by Hope Village, Inc., to consolidate this matter with the pending matter of Smith v. Hope Village, Inc., 05-633 (RBW). In support of its opposition, the Federal Defendant states as follows:

1.  Plaintiff Carol Smith brought this action under the Federal Tort Claims Act, 28 U.S.C. § 2871, *et seq*., individually and as personal representative of her daughter Erika Smith, alleging that the Federal Defendant acted negligently in protecting her daughter from a convicted felon. The Federal Defendant has yet to answer or otherwise respond to the complaint. A response is currently due July 6, 2006.

2.  Prior to the present action, Plaintiff filed suit against Hope Village, Inc. ("Hope Village"), alleging that Hope Village "negligently and prematurely" released Anthony Kelly from its custody. Smith v. Hope Village, Inc., 05cv633 (Complaint - Dkt. No. 1) at ¶ 2. Hope Village filed an answer to that complaint, see id. (Answer - Dkt. No. 3), and the parties in that matter are currently in the midst of discovery, which is scheduled to close in the very near future. See id. (Status Report of the Parties - Dkt. No. 11).

3.      In the present matter, consolidation is premature because the Federal Defendant will be filing a dispositive motion in response to the complaint, raising various defenses including, but not limited to, absolute immunity, statute of limitations, and multiple exceptions to liability under the FTCA.  Thus, any consolidation of the matters may be rendered moot by the Federal Defendant's dispositive motion.

4.      In any event, because the matter of <u>Smith v. Hope Village, Inc.</u>, is in a substantially different posture than the present matter, consolidation would be impractical as discovery cannot commence in this matter.  Where the government pleads an immunity defense, district courts should resolve threshold question of immunity before permitting discovery.  <u>See</u> <u>Crawford-El v. Britton</u>, 523 U.S. 574, 598 (1998).  <u>See</u> also <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985) (a government defendant pleading immunity is entitled to dismissal before the commencement of discovery); <u>Kalka v. Hawk</u>, 215 F.3d 90, 94 (D.C. Cir. 2000) ("The immunity is not simply from damages but from having to participate in the proceedings").  The rule prohibiting discovery also applies where, as in this case, accepting the allegations in a complaint as true, the discretionary function exception bars recovery.  <u>Moore v. Valder</u>, 65 F.3d 189, 196 n. 14 (D.C. Cir. 1995).  As a result, discovery into the merits of the Plaintiff's claims cannot commence in this action until the Court has resolved Federal Defendant's dispositive motion.

WHEREFORE, for all of the foregoing reasons, Defendant respectfully requests that the Court deny Hope Village's Motion to Consolidate.

A proposed order is attached.

        Respectfully submitted,


         /s/ Kenneth L. Wainstein
        KENNETH L. WAINSTEIN, D.C. BAR # 451058
        United States Attorney


         /s/ Rudolph Contreras
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney


         /s/ Darrell C. Valdez
        DARRELL C. VALDEZ, D.C. BAR # 420232
        Assistant United States Attorney
        Judiciary Center Building
        555 4th St., N.W., Civil Division
        Washington, D.C.  20530
        (202) 307-2843

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL SMITH,                )<br>                             )<br>       Plaintiff,           )<br>                             )<br>    v.                       )<br>                             )<br> UNITED STATES OF AMERICA,    )<br>                             )<br>       Defendant.            )<br>                             ) | Civil Action No. 06cv0633 (RBW) |

**ORDER**

UPON CONSIDERATION of the motion by Hope Village, Inc., to consolidate this matter with Smith v. Hope Village, Inc., 05cv633, the Oppositions thereto, and the record in this matter, it is this _____ day of _____, 2006, hereby

ORDERED, that the Motion to Consolidate is denied.

_____
REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE